UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

ROBERT C. WING JR.,

                    Plaintiff,                **MEMORANDUM & ORDER**
                                              24-CV-5770 (EK)(RML)

          -against-

NEW YORK CITY FIRE DEPARTMENT PENSION
FUND; KIM MACINTYRE,

                    Defendants.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

          This case arises from plaintiff Robert Wing's claim

that the New York City Fire Department Pension Fund is

improperly distributing part of his accidental disability

retirement to his ex-wife, Kim Macintyre, pursuant to a domestic

relations order.

          The domestic-relations abstention doctrine applies

because Wing claims that the state-court judge in his divorce

case misinterpreted state law in holding that his accidental

disability retirement was marital property.  Therefore, Wing's

claims must be dismissed for lack of subject-matter

jurisdiction.

                    **I.    Background**

          The following facts are taken from the Amended

Complaint and assumed to be true.  *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007).  The Court also takes judicial notice of certain filings in the state-court divorce proceeding.  *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *Thomas v. Venditto*, 925 F. Supp. 2d 352, 359 (E.D.N.Y. 2013).

Wing is a former New York City Fire Department battalion chief and "member" of the Fire Department Pension Fund, Subchapter II (the "Pension Fund").  He brings this action against the Pension Fund and his ex-wife, Macintyre.  As part of Wing's divorce settlement with Macintyre, they entered into a domestic relations order (the "DRO") in 2016, which included a stipulation concerning their respective pensions.  Am. Compl. ¶¶ 10-14.  Around July-August 2020, Wing moved to vacate the DRO in state court and also applied for accidental disability retirement ("ADR") benefits — a form of lifetime support to public employees who cannot work due to a work-related accident. *Id.* ¶¶ 17-18, Ex. G.  He demanded that the Pension Fund not distribute any ADR payments to Macintyre.  *Id.* ¶ 18.

In March 2021, the Pension Fund awarded Wing ADR benefits.  *Id.* ¶ 17. Soon thereafter, the pension plan began distributing portions of Wing's pension and benefits to both him and Macintyre.  *Id.* ¶ 24.  In response, Wing filed a motion under Article 78 of the New York Civil Practice Law & Rules, alleging the Pension Fund had acted arbitrarily and

capriciously.  Because Wing failed to join his ex-wife — a necessary party — the petition was denied.  *Wing v. N.Y.C. Fire Pension Fund*, No. 159667/2021 (N.Y. Sup. Ct. Mar. 2, 2022), NYSCEF No. 28.

Wing also filed a post-judgment motion in the divorce action, seeking a declaration that the DRO did not entitle Macintyre to his ADR payments.  That motion was denied.  Am. Compl. ¶¶ 25-26.  He then appealed that decision, and the appeal remained pending as of the date Wing filed the Amended Complaint.  *Id.* ¶ 65.

Wing brings this action under Section 1983, Rev. Stat. § 1979, 42 U.S.C. § 1983, claiming that the Pension Fund and his ex-wife have violated his "freedom of contract" and due process rights.  The City moved to dismiss.  The Court requested that the parties submit supplemental letters regarding the domestic-relations abstention doctrine.  Docket Order dated December 19, 2025.  The City now asserts that the doctrine applies; Wing opposes its application on the basis that he is challenging "NYCFPF's independent administrative and payment decisions." ECF No. 23.

## II.  The Domestic-Relations Abstention Doctrine

The plaintiff bears the burden of establishing subject-matter jurisdiction.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "A federal court presented with

3

matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *Deem v. DiMella-Deem*, 941 F.3d 618, 621-22 (2d Cir. 2019).[1] "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but the court is not to draw inferences from the complaint favorable to plaintiff.'" *Tiraco v. N.Y. State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004)).[2]

### III. The Court Must Abstain

Each of Wing's claims raise domestic relations issues. Couched as due-process and freedom—of-contract claims, Wing asks the Court to stop the Pension Fund from distributing ADR payments to his ex-wife. *See* Am. Compl. ¶¶ 60-63. The relief he is seeking would inevitably require the Court to interpret the DRO, as Wing concedes. ECF No. 23, at 2. The City also

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

[2] Although the City originally moved to dismiss under Rule 12(b)(6), the Court gave the parties notice and an opportunity to submit supplemental briefing on the applicability of the domestic-relations abstention doctrine. *See* Docket Order dated December 19, 2025. Accordingly, the Court reviews this case under the standards for subject-matter jurisdiction, as the domestic-relations abstention doctrine is jurisdictional. *Am. Airlines*, 905 F.2d at 14.

alerts the Court to a pending appeal in Wing's divorce case that concerns the exact same issue: whether the DRO entitles Macintyre to "any portion of [Wing's] ADR payments." Def. Mem. 3-4, ECF No. 17.

The domestic-relations abstention doctrine precludes federal district courts from considering claims that are "matrimonial in nature" and as to which "there is no obstacle to their full and fair determination in state courts." *Deem*, 941 F.3d at 621–22. An action asking a federal court to interpret a DRO or stipulation of settlement that is enforced in state court is inherently "matrimonial in nature." *Genger v. Genger*, 252 F. Supp. 3d 362, 368 (S.D.N.Y. 2017) (enforcement of arbitration award pursuant to divorce agreement); *UBS Fin. Servs. Inc. v. Mantovi*, No. 17-CV-5921, 2018 WL 1747043, at *2 (E.D.N.Y. Apr. 11, 2018) (abstaining where interpleader-defendant asked Court to "interpret the prior agreements and order" between her and ex-spouse to determine distribution of retirement account); *Weiss v. Weiss*, 375 F. Supp. 2d 10, 16 (D. Conn. 2005) (abstaining from interpreting division of law firm assets that were provided for in divorce agreement); *Smith v. Pension Plan of Bethlehem Steel Corp. & Subsidiary Cos.*, 715 F. Supp. 715, 718-19 (W.D. Pa. 1989) (applying domestic relations abstention to pension-plan distributions dispute); *Moore v. Moore*, No. 86-CV-2530, 1988 WL 163019, at *4 (D. Kan. May 10, 1988) (same).

And where, as here, a final decision is also pending on appeal in state court, a federal court's adjudication of the matter would "intrude[] impermissibly upon state law matrimonial jurisdiction." *Am. Airlines*, 905 F.2d at 15.

Although Wing "frames his allegations in constitutional terms, his requested relief as a practical matter would have this Court review and overturn" decisions in his Richmond County Supreme Court divorce proceeding. *Evans v. Adams*, 714 F. Supp. 3d 119, 124 (E.D.N.Y. 2024). Therefore, the Court cannot grant Wing his requested relief without "treading upon the state court's greater interest in resolving domestic relations disputes." *Id.*

Aside from his assertion that his state-court appeal will "take years" and that in the interim, he continues to experience rights violations, Wing points to no facts that plausibly suggests there is any obstacle impeding a full, fair determination of his ADR distributions in state court. *Richardson v. Richman*, No. 25-CV-5155, 2025 WL 2962741, at *2 (E.D.N.Y. Oct. 21, 2025) (claims that the state court did not "adequately address[] or resolve[]" the plaintiff's claims were insufficient to plead that an obstacle existed).

Wing's ex-wife is a named defendant but has not appeared in this action. "If the court determines any time that it lacks subject-matter jurisdiction, the court must dismiss the

action" against all defendants.  Fed. R. Civ. P. 12(h)(3).
Since the claims against Macintyre are identical to the claims
brought against the City, the claims against Macintyre are also
dismissed for lack of subject-matter jurisdiction under the
domestic-relations abstention doctrine.

### IV.  Conclusion

For the foregoing reasons, the City's motion to
dismiss is granted without prejudice, and the claims against
Macintyre are likewise dismissed.  The Court will not allow Wing
to amend the complaint a second time.  *See Harty v. West Point
Realty*, 28 F.4th 435, 445 (2d Cir. 2022) ("A dismissal for lack
of jurisdiction without leave to amend is not the same thing as
a dismissal with prejudice.").  Leave to amend may be denied as
futile, even absent subject-matter jurisdiction, when
"substantive" problem exists and "better pleading will not cure
it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).
Because the domestic-relations abstention doctrine precludes
this Court's exercise of jurisdiction, any attempt to amend the
complaint would be futile.  *See Deem*, 941 F.3d at 625
(affirming, on domestic-relations abstention grounds, district
court's dismissal of *pro se* plaintiff's complaint without leave
to amend).

The Clerk of the Court is directed to close this case, mail a copy of this order to the plaintiff, and note the mailing on the docket.


SO ORDERED.


_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:     February 20, 2026
           Brooklyn, New York